UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUSTIN SZEWCZYK, as an individual,
   *Plaintiff,*

v.

RENTGROW, INC. and
DOES 1 – 10,
   *Defendants.*

CASE NO.

## COMPLAINT

Plaintiff JUSTIN SZEWCZYK (hereafter "Plaintiff") files his Complaint for Damages and Demand for a Jury Trial against Defendant RENTGROW, INC. ("Defendant") and DOES 1-10 inclusive and alleges as follows:

## NATURE OF THE ACTION

1. Defendant is a tenant screening company that furnishes tenant screening reports to prospective landlords. Its reports include information related to an applicant's credit history, eviction history and criminal history.

2. On or about May 2020, Plaintiff submitted a residential rental application.

3. In connection with Plaintiff's housing application, Defendant furnished a consumer report on Plaintiff.

4. Defendant disclosed that Plaintiff belongs to the National Sex Offender Registry and the Colorado Sex Offender Registry.

5. Including "National Sex Offender Records Found" and "Colorado Sex Offender Registry" incorrectly suggests that Plaintiff is a sex offender.

6. Under the Sex Offender Registration and Notification Act (34 USC § 20911 *et seq.*) § 20911(8), a juvenile is considered convicted of a sex offense only if the offender

was 14 years of age or older at the time of the offense and the offense was comparable to or more severe than aggravated sexual abuse (as described in 18 USC § 2241).

7. The Sex Offender Registration and Notification Act (34 USC § 20911 *et seq.*) § 20911(1) defines sex offender as an individual who was convicted of a sex offense.

8. Plaintiff was 13 years of age when he committed an offense that was neither comparable nor more severe than aggravated sexual abuse.

9. Since Plaintiff is not considered to have been convicted of a sex offense, he is not a sex offender.

10. Plaintiff's juvenile offense does not fall under the requirements to be included in a jurisdiction-wide sex offender registry (34 USC § 20912(a)).

11. The Dru Sjodin National Sex Offender Public Website includes all relevant information for each sex offender listed on a jurisdiction's site (34 USC § 20922(b)).

12. Since Plaintiff's juvenile offense would not be included in a jurisdiction-wide sex offender registry, Plaintiff would not be included in the Dru Sjodin National Sex Offender Public Website either.

13. Indeed, Plaintiff's name does not appear on the National Sex Offender Search.

14. Under Colorado Revised Statutes § 16-22-111, the state sex offender list includes any person who is a sexually violent predator.

15. In relation to Plaintiff's juvenile offense, he was not sentenced as or found to be a sexually violent predator.

16. Accordingly, Plaintiff's name does not appear on the Colorado Sex Offender Search.

17. Plaintiff would also not be considered a juvenile sex offender under 730 ILCS § 152/105.

18. A cursory search of the National Sex Offender Registry and the Colorado Sex Offender Registry prior to disclosure would have alerted Defendant that Plaintiff is not a sex offender.

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

19. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 *et seq.*) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported. Failing to ensure an accurate sex offender status is a clear violation of this statute.

20. Defendant did not have defined processes to verify the accuracy of the public records information provided.

21. The only time Defendant conducts any such verification is *after* a consumer dispute and the apartment is already lost.

22. As a direct result of Defendant's failure to verify public records, Plaintiff was denied housing.

23. Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result of the denial of housing.

24. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of earnings, emotional distress, and damage to his reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

25. Plaintiff is an individual and resident of the County of El Paso, Colorado Springs, Colorado.

26. Defendant is a consumer reporting agency within the meaning of the Fair Credit Reporting Act ("FCRA" 15 U.S. Code §1681 *et seq.*) 15 USC §1681(a)(f).

27. Defendant is incorporated in Massachusetts within its principal place of business in Waltham, Massachusetts.

28. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

29. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

30. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

### FIRST CAUSE OF ACTION
### (15 USC §1681(e)(b) and DOES 1-10)

31. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

32. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information.

33. Defendant's conduct was willful and/or reckless because it knew that its failure to ensure an accurate sex offender status is insufficient to assure maximum possible accuracy of the criminal history information reported.

34. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

35. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendants' practices violate FCRA
b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;
c. For interest upon such damages as permitted by law;
d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;
e. For the costs of the lawsuit;
f. For injunctive relief as applicable; and

COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

g. For such other orders of the Court and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

Plaintiff,
JUSTIN SZEWCZYK,
By his attorney,

*/s/ Jeremy R. Bombard*

_____
Jeremy R. Bombard, #669802
jbombard@bombardlaw.com
BOMBARD LAW OFFICE, PC
945 Concord Street
Framingham, MA 01701
508-620-5309
DATED: May 11, 2022